IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEBORAH S. MARSHALL,        )
                                 )
            Plaintiff,       )
                                 )
v.                               )        Case No. 07-CV-534-JHP
                               )
WHIRLPOOL CORPORATION, a    )
foreign corporation, and UNICARE,  )
a corporation,                  )
                               )
            Defendants.     )

## ORDER AND OPINION

Before the Court is Defendant Whirlpool Corporation's Motion for Partial Summary Judgment (Docket No. 29). The issue presented by the motion is whether certain short term disability benefits offered by Whirlpool are part of an "employee welfare benefits plan" subject to the Employee Retirement Income Security Act ("ERISA"). Because certain material facts are in dispute, the motion is DENIED.

## BACKGROUND

### A.    Undisputed Material Facts

Whirlpool provides short term disability benefits to its employees employed in the Technician position.[2] Specifically, an employee is eligible for short term disability benefits when the employee is temporarily disabled due to injury, disease, or pregnancy. An employee is considered to be "totally disabled" if he or she cannot perform any of the usual and customary job duties of the employee. Subject to proof of loss requirements,

---

[2]In her response to Whirlpool's Motion for Summary Judgment, Plaintiff attempts to dispute this statement, but fails to provide any material facts that specifically controvert this statement of fact. Therefore, for the purposes of this motion, the Court deems this fact admitted.

weekly benefits are paid after the applicable waiting period, if any, for up to 26 weeks depending on the employee's length of service.[3]

UniCare provides administrative services relating to Whirlpool's short term disability program pursuant to an Administrative Service Agreement between Whirlpool and UniCare. No filings have been made with the Department of Labor and no annual reports have been filed with the Internal Revenue Service pursuant to ERISA §§104(A)(1)(b) identifying or representing in any way that Whirlpool-Tulsa's short term disability benefits program constitutes an employee welfare benefit plan under ERISA.

Plaintiff was employed by Whirlpool as a full time, hourly Technician from August 13, 2001 until her termination from employment in September 2005. Plaintiff's Complaint alleges that she was entitled to short term disability benefits at the time of her discharge. Plaintiff's Complaint further alleges that Defendants violated ERISA by: (1) denying Plaintiff short term disability benefits to which she was entitled; and (2) by terminating her in retaliation for her pursuit of short term disability benefits and/or for the purpose of interfering with her attainment of such benefits. [1]

---

[3] In her response to Whirlpool's Motion for Summary Judgment, Plaintiff attempts to dispute this statement by stating that "[w]ith regard to short term disability benefits, Defendant has produced a Summary Plan Description, but not the actual plan involved." This statement does not controvert the facts contained within paragraph two of Whirlpool's statement of undisputed fact. Therefore, for the purposes of this motion, the Court deems these facts admitted.

[1] This factual recitation contains only those facts which are material and either wholly undisputed or not disputed in accordance Local Rule 56.1(c), which states:

> The response brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts to which the party asserts genuine issues of fact exist. Each fact in dispute shall be numbered, shall refer with particularity to those portion of the record upon which the opposing party relies and, if applicable, shall state the numbered paragraphs of the movant's facts that are disputed. All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.

**B.      Procedural Background**

Plaintiff Deborah S. Marshall brings the instant action claiming that Whirlpool terminated her employment in retaliation for her pursuit of short term disability benefits and for the purpose of interfering with her attainment of such benefits in violation of ERISA. Plaintiff also asserts claims under the Family Medical Leave Act and the Americans with Disabilities Act.

Whirlpool argues that the short term disability benefits it offers are not part of an "employee welfare benefits plan" subject to ERISA. Whirlpool claims that those benefits are paid from its general assets and therefore fall within the "payroll practice" exclusion set forth in the regulations accompanying ERISA. Whirlpool thus seeks summary judgment on Plaintiff's ERISA claim.

## DISCUSSION

**A.      Summary Judgment Standards**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party.  *Anderson v.*

LcvR 56.1(c).

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

**B.      The Short Term Disability Plan**

ERISA provides an eligible employee the right to bring a cause of action against a plan administrator, but only for violating an employee benefit plan governed by that statute. *See* 29 U.S.C. § 1132(a)(1)(B). ERISA defines the terms "employee welfare benefit plan" and "welfare plan" to include any plan that provides employees "benefits in the event of sickness, accident, [or] disability." 29 U.S.C. § 1002(1). However, the Department of Labor's regulations provide certain exceptions to the definition of "employee welfare benefit plan" and "welfare plan" and exclude from ERISA coverage programs referred to as "payroll practices." Specifically, the regulations provide that an "employee benefit welfare plan" shall not include:

> Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons[.]

29 C.F.R. § 2510.3-1(b)(2). Thus, the question here is whether Whirlpool's funding of its short term disability plan constitutes a "payroll practice."

At this time, material factual disputes prevent the Court from answering that question, as the factual record is too unclear to allow judgment as a matter of law. Although Whirlpool claims that "it is undisputed that disability benefits are paid from Whirlpool's general assets and, therefore, the short term disability program falls within the payroll practice exemption under ERISA," the record is actually somewhat ambiguous as to how---and from what funds---those benefits are paid. For example,

although the affidavit of Whirpool's Paula J. Gill describes the way those benefits are funded (Docket No. 29-2, ¶ 4)("Whirlpool pays benefits from funds of Whirlpool by checks signed by UniCare as Whirlpool's disbursing agent upon a bank account(s) established and maintained by Whirlpool for the purpose of payment of claims. All benefits paid to employees eligible for short-term disability benefits are drawn from Whirlpool's general assets."), her description is inconsistent with the Summary Plan Description (Docket No. 29-3, at 18)("John Hancock Mutual Life Insurance Company pays you a weekly benefit if you become totally disabled[.]"), and the Administrative Service Agreement (Docket No. 29-4, at 15)(referencing the agreement as being between Whirlpool and John Hancock). Whirlpool attempts to explain away these ambiguities in its reply brief, but Whirlpool essentially asks this Court to make factual determination, something it of course cannot do. Instead, the Court must be presented with an undisputed record of material facts before it can determine whether the funding of the benefits plan in question is or is not a "payroll practice."

### CONCLUSION

Therefore, Defendant Whirlpool Corporation's Motion for Partial Summary Judgment (Docket No. 29) is DENIED. The Court will set a scheduling conference so that a new scheduling order may be entered. This will allow discovery to proceed, and will allow the factual record to be clarified so that the Court can make a proper determination of whether or not Whirlpool's plan is governed by ERISA.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma