IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-534-JHP-TLW |
| | ) | |
| WHIRLPOOL CORPORATION, a | ) | |
| foreign corporation, and UNICARE, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendant UniCare's Motion To Dismiss [Doc. No. 59], Plaintiff's Response To Defendant's Motion To Dismiss [Doc. No. 67], and Defendant's Reply To Plaintiff's Response [Doc. No. 68]. Also pending before the Court is the Re-Urged Joint Motion For Extension Of Dates [Doc. No. 78]. For the reasons stated herein, this Court hereby **GRANTS** UniCare's Motion To Dismiss and **DENIES** the Joint Motion For Extension Of Dates.

## BACKGROUND[1]

Plaintiff, Deborah Marshall is a former employee of Defendant Whirlpool Corporation. Whirlpool provides short term disability benefits to its employees employed in the Technician position. Specifically, an employee is eligible for short term disability benefits when the employee is temporarily disabled due to injury, disease, or pregnancy. Plaintiff was employed by Whirlpool as a full time, hourly Technician from August 13, 2001, until her termination from employment in

---

[1] This Court entered an Opinion and Order on July 6, 2009, granting Defendants' Re-Urged Partial Motion for Summary Judgment as to Plaintiff's ERISA claims. As such, this Court has already set forth many of the undisputed facts in this case in the Court's previous order. However, due to their importance to the Court's analysis of UniCare's Motion To Dimiss, they are worth repeating here.

September 2005. Plaintiff's Complaint alleges that she was entitled to short term disability benefits at the time of her discharge. Plaintiff also alleges she was discharged in violation of the Americans With Disabilities Act (ADA) and the Family Medical Leave Act (FMLA).

UniCare provides administrative services relating to Whirlpool's short term disability program pursuant to an Administrative Service Agreement between Whirlpool and UniCare. UniCare, as a third party administrator, makes benefit determinations and acts as a disbursing agent for the payment of short term disability benefits which are funded by Whirlpool. Short term disability benefits are paid by checks signed by UniCare upon a bank account established and maintained by Whirlpool for the purpose of payment of claims. UniCare was the third party administrator at all times relevant to this action.

## **PROCEDURAL HISTORY**

On September 20, 2007, Plaintiff Deborah Marshall filed the instant litigation against Defendants Whirlpool Corporation and UniCare. On June 16, 2008, Whirlpool filed a Motion For Partial Summary Judgment regarding the ERISA claims alleged by Plaintiff. On September 10, 2008, this Court entered an Opinion and Order denying the motion for summary judgment finding certain material facts in dispute. After a Status and Scheduling Conference held on October 30, 2008, the parties were given time to conduct discovery related to the ERISA claim and allowed to file a second summary judgment motion regarding the applicability of ERISA to this action. On January 15, 2009, Defendants filed their Re-Urged Motion For Partial Summary Judgment. On July 6, 2009, this Court entered an Opinion and Order granting Defendants' Re-Urged Motion. Then on July 31, 2009, an amended Scheduling Order was entered providing the parties with a schedule and deadlines in order to proceed with the remainder of the litigation.

On December 9, 2009, Defendant UniCare filed the current Motion To Dismiss. In an effort

to try to rule on the motion before the remainder of the pending deadlines, the Court entered a Minute Order on December 21, 2009, requiring an expedited response be filed by the Plaintiff to the Motion To Dismiss by December 22, 2009, by 12:00 p.m. Plaintiff failed to comply with the Court's Order and instead, filed her Response brief on December 28, 2009. Plaintiff's Response Brief failed to address the Court's minute order requiring an expedited response, and failed to provide any reason why the brief was filed out of time. As such, the Court held a hearing on January 20, 2010, requiring the Plaintiff to show cause why the Response Brief should not be stricken pursuant to Fed.R.Civ.P. 16(f)(c) and Fed.R.Civ.P. 37(b)(2). At the hearing Plaintiff's attorney stated he had failed to receive notice of the Court's Order until the show cause hearing was set and the Defense attorney made him aware of it. In light of the circumstances, Defense counsel stated she had no objection to allowing the motion to be filed out of time. As such, this Court will consider Plaintiff's response in reviewing UniCare's Motion To Dismiss.

On December 11, 2009, the parties also filed a Motion to Extend the Scheduling Order deadlines by 90 days claiming that, because of a disagreement regarding the claims and the parties to the lawsuit, they were unable to conduct discovery. The Court initially set the motion for hearing but instead, issued a minute order on January 12, 2010, denying the motion. On January 19, 2010, the parties filed another joint motion re-urging the motion to extend the Scheduling Order deadlines. [Doc. No. 78] The Court heard brief argument from the parties regarding this motion at the show cause hearing held January 20, 2010.

**DISCUSSION**

I. **MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

This matter is set for a Pre-trial Conference on January 28, 2010, and for trial on February 16, 2010. The current Scheduling Order was set on July 31, 2009. [Doc. No. 54]. The Scheduling

Order provided the parties until January 4, 2010, to conduct discovery, and until December 28, 2009, to file dispositive motions.

The parties have requested the Court allow them an additional 90 days to conduct discovery because they have not conducted **any** depositions or filed dispositive motions (other than UniCare's Motion To Dismiss) during the five months the Court allotted to do so. The parties argue that the reason for this lack of diligence was because of a misunderstanding between them regarding which claims and parties were still in the case after the Court's Opinion and Order of July 6, 2009. Defendants claim that they assumed the Plaintiff was going to seek leave to amend the Complaint to add a breach of contract claim, while the Plaintiff was under the assumption that the breach of contract claim was already properly asserted. However, this misunderstanding was not revealed until written discovery was conducted in November. Defendants contend that once the disagreement was discovered, they immediately filed the pending Motion To Dismiss to clear up the allegations.

This Court has reviewed the record in this case, including the Motion To Compel filed by the Plaintiff, and it appears that even the written discovery which eventually revealed this confusion was not conducted until late November. The Court finds troubling that seemingly no discovery was being conducted by either party in August, September, or October, yet the parties now seek to rearrange the Court's docket because they have failed to conduct discovery.

The inherent power of district courts to manage their dockets has long been recognized in our jurisprudence. *See, e.g.*, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *United States v. Nicholson,* 983 F.2d 983, 988 (10th Cir.1993). As such, the Court **DENIES** the motion to extend the Scheduling Order deadlines and will proceed with the Pre-trial Conference and Trial docket as originally scheduled.

## II. UNICARE'S MOTION TO DISMISS

UniCare requests this Court to dismiss the claims against it. Initially, Unicare alleges that the Plaintiff has failed to plead a claim for breach of contract. UniCare alternatively argues that if the Plaintiff has successfully pled a breach of contract claim, the only proper party to the contract is Whirlpool. Second, UniCare claims that it was not Plaintiff's employer and therefore, cannot be liable to the Plaintiff under the FMLA or the ADA.

Initially this Court notes that Defendant has filed its motion requesting relief pursuant to Fed.R.Civ.P. 12(b)(6). However, in order to obtain relief through a Rule 12(b)(6) motion, the relief must be requested either in an answer, or in a pre-answer motion. Fed.R.Civ.P.12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion ... (6) failure to state a claim for which relief can be granted ... A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.") UniCare's Answer was filed on January 23, 2008, therefore, Defendant's motion is untimely.

Although technically, it is impermissible to file an Answer and thereafter file a Rule 12(b)(6) motion to dismiss, Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings. Because of this, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c). The distinction between the two motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion. *Ward v. Utah,* 321 F.3d 1263, 1266 (10th Cir.2003).

When ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167

L.Ed.2d 1081 (2007). However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Iqbal* stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### A. Breach Of Contract

UniCare claims that it is not a proper Defendant because Plaintiff's Complaint fails to properly allege a breach of contract claim. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint does not need detailed factual allegations, it is the plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d. 929 (2007)(internal citations omitted). This Court finds that Plaintiff has failed to plead a cause of action for breach of contract.

Plaintiff clearly states in the Complaint:

> Jurisdiction of this court is invoked as the issues herein arise under
> Federal question jurisdiction. 28 U.S.C. §1331. This is so because

> *this action arises under* ERISA, 29 U.S.C. §1001 et. seq., FMLA 29
> U.S.C. §2601 et. seq., and the Americans With Disabilities Act, 42
> U.S.C. §12101 et. seq.
> [Doc. No. 2, ¶4] (emphasis added)

Plaintiff at no time in the Complaint states a claim for breach of contract, which arises under state law. Plaintiff contends that although her Complaint never specifically says "breach of contract," she sufficiently sets forth the elements of a breach of contract cause of action. However, in reviewing this Plaintiff's Complaint the Court finds it is insufficient to place the Defendants on notice of a claim of breach of contract action.

The Plaintiff argues the appropriate remedy is to allow her to amend her Complaint to properly allege a breach of contract claim. Leave to amend "shall be freely given as justice so requires." Fed.R.Civ.P. 15(a)(2) However, Courts have been unwilling to grant leave to amend when a plaintiff seeks to add factual allegations or claims for relief at the end of discovery or after existing claims have been dismissed. *See Woosley v. Marion Labs, Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991). Since this case is less that one month from trial, the Court feels it is not in the interest of justice to allow the Plaintiff to amend the Complaint to add a claim which the Defendant have not been previously placed on notice of.

For the reasons stated herein, the Court finds that the Plaintiff has failed to assert a breach of contract claim against either Whirlpool or UniCare in the Complaint.

### B. Americans With Disabilities Act

UniCare claims it is an improper party to Plaintiff's ADA claims since it only acted as a third party administrator and was not involved in employment decisions. Courts have consistently held that third party administrators are improper parties under the ADA as they are not "covered entities." The Ninth Circuit in *Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1113 (9th Cir. 2000), determined that the Plaintiff could not bring suit against the disability insurance company's

administrator because it is not a "covered entity." The Court explained that Title I defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." *Id*. The Court held that the Defendant was none of these but simply the administrator of the employer's disability policy and the fact that the Defendant was "an 'employer' of its own employees does not make it an employer of Weyer and subject to suit by Weyer under the Act." Such is the case here. UniCare is simply the administrator of the disability policy and as such not a "covered entity" under the ADA. *See also*, *Jensen v. AT&T Corp.*, 2007 WL 2199714, *2 (E.D.Mo. 2007); *Van Hulle v. Pacific Telesis Corp.,* 124 F.Supp.2d 642, 643, n.4 (N.D. Calif. 2000).

Therefore, Plaintiff's ADA claims against UniCare are hereby **DISMISSED**.

## C. Family Medical Leave Act

UniCare argues that the FMLA claims against it should be dismissed because it was not the Plaintiff's employer and was in no way involved in Whirlpool's employment decisions. Unicare claims because of this, it is an improper party under the FMLA. The Court agrees. The FMLA prohibits an **employer** from retaliating against an employee based on his or her decision to exercise his or her rights under the FMLA. The FMLA at 29 C.F.R. § 825.104(c) states:

> (c) *Normally the legal entity which employs the employee is the employer under FMLA*. Applying this principle, a corporation is a single employer rather than its separate establishments or divisions.
> (1) Where one corporation has an ownership interest in another corporation, it is a separate employer unless it meets the "joint employment" test discussed in §825.106, or the "integrated employer" test contained in paragraph (c)(2) of this section.
> (2) Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship

>     is to be reviewed in its totality. Factors considered in determining
>     whether two or more entities are an integrated employer include:
>     (i) Common management;
>     (ii) Interrelation between operations;
>     (iii) Centralized control of labor relations; and
>     (iv) Degree of common ownership/financial control.
>     (Emphasis added)

Looking at this language it seems clear that Whirlpool, who actually hired and employed the Plaintiff, is the only proper party under the FMLA. Plaintiff, however, cites 29 C.F.R. § 825.104(d) which states:

> (d) An "employer" includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees. The definition of "employer" in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee. As under the FLSA, individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of FMLA.

Even after reviewing this additional language the Court still finds UniCare to be an improper party under the FMLA. The clause Plaintiff cites in support of her proposition that UniCare is a proper party under the FMLA has generally been interpreted as establishing liability against individuals such as corporate officers, who, acting in the interest of an employer, violate the requirements of the FMLA. That is not the case here. UniCare is separate entity with separate employees.

Further, the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record when reviewing the Motion to Dismiss without converting it to a Motion For Summary Judgment. See *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001); *Tal v. Hogan*, 2006 WL 1775371, *19 (10th Cir. 2006) The undisputed facts as established in this Court's July 6, 2009, Opinion and Order, is that UniCare's involvement with Whirlpool is

as a third party administrator providing services relating to Whirlpool's short term disability program pursuant to an Administrative Service Agreement. As a third party administrator, UniCare's role is to make benefit determinations and act as a disbursing agent for the payment of disability benefits, not to make employment related decisions. Therefore, UniCare is not a proper party under the FMLA and Plaintiff's claims are hereby **DISMISSED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Defendant UniCare's Motion To Dismiss is therefore **GRANTED**. The Court further finds that the Re-Urged Joint Motion For Extension Of Dates is **DENIED**.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma